IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIPCO, LLC, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-00709-PRW |
| | ) | **LEAD CASE** |
| JASCO PRODUCTS COMPANY, LLC, | ) | |
| | ) | (consolidated with |
|    Defendant. | ) | Case No. CIV-20-00242-PRW) |

| | | |
|---|---|---|
| IP CO., LLC, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-00242-PRW |
| | ) | |
| JASCO PRODUCTS COMPANY, LLC, | ) | (consolidated with |
| | ) | Case No. CIV-19-00709-PRW) |
|    Defendant. | ) | |

## **ORDER**

The parties in Case Nos. CIV-19-00709-PRW and CIV-20-00242-PRW—i.e., SIPCO, LLC ("SIPCO"); IP Co., LLC ("IPCO"); and Jasco Products Company, LLC ("Jasco")—have filed a Stipulation for Consolidation Pursuant to Federal Rule of Civil Procedure 42 in both actions,[1] asking the Court to consolidate the actions pursuant to Rule

---

[1] *See* Stip. for Consolidation Pursuant to Fed. R. Civ. P. 42 (Dkt. 32), *SIPCO, LLC v. Jasco Prods. Co.*, No. 5:19-cv-00709-PRW (W.D. Okla. filed Apr. 13, 2020); Stip. for Consolidation Pursuant to Fed. R. Civ. P. 42 (Dkt. 9), *IP Co. v. Jasco Prods. Co.*, No. 5:20-cv-00242-PRW (W.D. Okla. filed Apr. 13, 2020). For the sake of convenience, all other citations to these Stipulations will be referencing the Stipulation (Dkt. 32) filed in the former case, as opposed to the latter case.

42(a) of the Federal Rules of Civil Procedure. The stipulation also asks the Court to set a deadline for Jasco's response to IPCO's Complaint (Dkt. 1) in Case No. CIV-20-00242-PRW that falls 21 days after any order granting consolidation. The stipulation posits that SIPCO and IPCO are represented by the same counsel and "are related companies . . . that . . . share a common history and ownership"; that both companies own patents that "relate to wireless mesh network communication products, systems and/or methods"; that "it is common for licensees to enter agreements with both SIPCO and IPCO in order ensure that the wireless mesh network portfolio is licensed and to reduce the likelihood of future litigation"; that Jasco's GE-branded Z-Wave devices have allegedly infringed both companies' patents; that Jasco is represented by the same counsel in both actions; that both actions are "likely to involve some of the same witnesses, documents, and expert witnesses"; and that both actions therefore "involve at least one common question of both law and fact."[2]

Rule 42(a) provides that actions may be consolidated if they "involve a common question of law or fact."

Upon review of the filing, the Court finds that both actions involve common questions of law and fact. A review of the Amended Complaint (Dkt. 28) in Case No. CIV-19-00709-PRW and the Complaint (Dkt. 1) in Case No. CIV-20-00242-PRW reveals that Jasco was first notified of its alleged infringement of both companies' patents in June 2012 and that SIPCO and IPCO presented a unified front in pursuing negotiations with Jasco to

---

[2] Stip. for Consolidation Pursuant to Fed. R. Civ. P. 42 (Dkt. 32) ¶¶ 9–13, 15, 17, at 3–4.

license their wireless mesh network portfolio of patents.[3] In both cases, the parties will be disputing whether Jasco's GE-branded Z-Wave devices infringe the wireless mesh network portfolio of patents owned by SIPCO and IPCO.

**IT IS THEREFORE ORDERED** that the parties request to consolidate contained in their Stipulations for Consolidation Pursuant to Federal Rule of Civil Procedure 42 is hereby **GRANTED**. Accordingly, the cases are consolidated for all purposes. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."[4] The parties shall use the caption appearing above on all future filings. As a matter of convenience, all future filings that

---

[3] *Compare* Pl.'s Am. Compl. (Dkt. 28) ¶¶ 18–29, at 4–6, *SIPCO, LLC v. Jasco Prods. Co.*, No. 5:19-cv-00709-PRW (W.D. Okla. filed Mar. 13, 2020), *with* Pl.'s Compl. (Dkt. 1) ¶¶ 13–24, at 3–5, *IP Co. v. Jasco Prods. Co.*, No. 5:20-cv-00242-PRW (W.D. Okla. filed Mar. 17, 2020).

[4] *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)); *see also Toledo, St. Louis & Kan. City R.R. Co. v. Cont'l Trust Co.*, 95 F. 497, 506 (6th Cir. 1899) ("[C]onsolidation is primarily but an expedient adopted for saving costs and delay. Each record is that of an independent suit, except in so far as the evidence in one is, by order of the court, treated as evidence in both. The consolidation does not change the rules of . . . pleading, nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not thereby become parties in the other, and a decree in one is not a decree in the other . . . . It operates as a mere carrying on together of two separate suits supposed to involve identical issues, and is intended to expedite the hearing and diminish the expense." (citations omitted)), *quoted in part in Hall*, 138 S. Ct. at 1127, *and cited in Johnson*, 289 U.S. at 497 n.9.

pertain to both cases shall be filed under Case No. CIV-19-00709-PRW only, but any future filing that pertains to one case only shall be filed only in that case.[5]

**IT IS FURTHER ORDERED** that Defendant Jasco Products Company, LLC shall file a pleading or motion responsive to Plaintiff IP Co., LLC's Complaint (Dkt. 1) in Case No. CIV-20-00242-PRW by no later than Friday, May 8, 2020.

**IT IS SO ORDERED this 20th day of April, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[5] As an example, when Jasco files an answer or a Rule 12(b) motion in response to IPCO's Complaint (Dkt. 1) in Case No. CIV-20-00242-PRW, such answer or Rule 12(b) motion should be filed only in Case No. CIV-20-00242-PRW. Likewise, in the event Jasco files any counterclaims or Rule 12(b) motions, IPCO's responses thereto—and Jasco's replies, if any—should also be filed only in Case No. CIV-20-00242-PRW.