## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIPCO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-00709-PRW |
| | ) | |
| JASCO PRODUCTS COMPANY, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Jasco Products Company, LLC ("Jasco"), has filed a Motion to Dismiss First Amended Complaint (Dkt. 31), seeking dismissal of Plaintiff SIPCO, LLC ("SIPCO")'s Amended Complaint in its entirety for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Jasco argues that the Amended Complaint does not plead sufficient facts to state a plausible claim for patent infringement. SIPCO opposes the motion (Dkt. 33) and asks that it be granted leave to amend any claim the Court dismisses. Jasco replied (Dkt. 36). For the following reasons, the Court **GRANTS** the Motion to Dismiss (Dkt. 31).

### *Background*

SIPCO is a research, development, and technology company based in Atlanta, Georgia. T. David Petite was its founding member, who invented a large number of wireless control and distribution technology applications in the 1990s. The inventions include, but are not limited to, various ways of economically moving data over both wired

1

and wireless networks. SIPCO retained the rights to the mesh network patents and for use of the technology outside of the utility space. According to SIPCO, this portfolio of patents provides coverage for certain products using standard wireless mesh protocols such as ZigBee and Z-Wave. As such, SIPCO states it customarily issues licenses to corporations across various industries for these types of products.

According to the Amended Complaint, Jasco products likewise use Bluetooth, ZigBee, and/or Z-Wave technologies. Plaintiff's representative allegedly contacted Jasco in 2012—years before this case was filed—to discuss licensing for these products in light of SIPCO's mesh network patents. However, Jasco ultimately concluded that it did not need a license.

Now, SIPCO alleges that Jasco has and continues to infringe at least five patents: U.S. Patents No. 8,964,708, 6,836,737, 9,430,936, 8,335,304, and 7,650,425. In its Amended Complaint, Plaintiff contends that a host of Jasco products that operate pursuant to Bluetooth, ZigBee, and/or Z-Wave protocols and standards directly infringe Plaintiff's patents, either literally or under the doctrine of equivalents. The Amended Complaint also includes allegations of willful infringement.[1] For each of the five asserted patents, the Amended Complaint identifies accused products,[2] alleges that the accused products incorporate technology that complies with the relevant industry standards at issue in this

---

[1] Jasco does not directly address Plaintiff's willful infringement claim in its motion.

[2] The Amended Complaint makes the same argument as to a broad class of unidentified Jasco products that use the Bluetooth, ZigBee, and Z-Wave standards as well.

case, and asserts that that technology meets the elements of an identified claim. And attached to the Amended Complaint are copies of the five patents at issue and corresponding claim charts in which SIPCO attempts to connect the accused products and the industry standards with the relevant limitations of the asserted patent claims.

Jasco, however, has filed a motion to dismiss arguing that these allegations fall short of meeting pleading requirements for a few reasons. For instance, in Jasco's view, the Amended Complaint does not properly allege infringement under the doctrine of equivalents because it merely asserts liability under that doctrine in a bare bone, conclusory form. Moreover, Jasco argues the claims for literal infringement likewise fail because they rest on assertions that the accused products incorporate widely adopted industry standards and protocols, without alleging that all products that incorporate those standards and protocols necessarily infringe SIPCO's patents. According to Jasco, the Amended Complaint does not otherwise plead facts that plausibly indicate how the accused products practice each of the limitations found in the asserted claims. Jasco further contends that the claims charts attached to the Amended Complaint do not remedy SIPCO's pleading deficiencies, as the charts do little more than parrot back the language of the claim elements and then state that the accused product is comprised of such elements. For these reasons, Jasco maintains Plaintiff has not plausibly stated a claim for infringement.

Plaintiff opposes the motion and contends that the allegations contained in the Amended Complaint satisfy pleading standards.

*Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief.[3] A claim has facial plausibility when the pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] As the United States Supreme Court noted, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct.[5]

To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that the defendant "without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent."[6] Similarly, the

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Id.* Moreover, when considering a motion to dismiss, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007).

[6] 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a). Threadbare recitals of the elements of a cause of action supported by conclusory statements are insufficient to meet this pleading standard. *Twombly*, 550 U.S. at 578. Previously, direct patent infringement causes of action were safe from sufficiency of the pleading attacks if a plaintiff complied with the pleading example of Form 18 provided by the Supreme Court. *K-Tech Telecomm., Inc. v. Time*

4

doctrine of equivalents will support an infringement claim only if "the accused device contains an equivalent for each limitation not literally satisfied."[7] Such equivalency requires that any differences between the disclosed product and the allegedly infringing product be "insubstantial," which ordinarily requires that "the accused device perform[] substantially the same function in substantially the same way to obtain substantially the same result."[8]

In general, with respect to the types of infringement alleged here, cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer.[9] In contrast, cases involving more nebulous, less tangible inventions such as software methods may require a higher degree of specificity to provide proper notice to the defendant. To this end, a plaintiff may "rely on industry standards to demonstrate infringement so long as the devices actually practice . . . those standards."[10]

---

*Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013). Direct patent infringement causes of action no longer have this protection because Form 18 was abrogated by the Supreme Court, and these pleadings must now conform with the *Twombly* and *Iqbal* pleading standards. Under certain circumstances, however, a pleading similar to that previously allowed by Form 18 may meet the pleading standards of *Twombly* and *Iqbal*, depending on the specific facts of the case. *See, e.g.*, *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259–60 (Fed. Cir. 2018).

[7] *Wi-Lan , Inc. v. Apple Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016).

[8] *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1322 (Fed. Cir. 2014).

[9] *Disc Disease Sols.*, 888 F.3d at 1259–60.

[10] *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, 106 F. Supp. 3d 369, 378 (S.D.N.Y. 2015) (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)); *Stragent,*

*Discussion*

Upon review of the Amended Complaint and exhibits attached thereto, the Court finds that SIPCO has not plausibly stated a claim for infringement. The Amended Complaint states that SIPCO is the exclusive licensee of various patents that Jasco allegedly continues to directly infringe by, amongst other things, "making, using, selling, and/or offering for sale" certain products without authorization, resulting in SIPCO's alleged damages. The Amended Complaint does identify some individual examples and broad categories of accused Jasco products and can plausibly show that some incorporate the relevant Bluetooth, ZigBee, and/or Z-Wave protocols and industry standards. Beyond that, however, each count summarily asserts that the accused products meet the elements of an identified claim of the asserted patents, without sufficiently explaining how that is so.

These allegations fall short of meeting the pleading standard. Even accepting these facts as true, these allegations contained in the Amended Complaint do not state a plausible claim of direct infringement. The Amended Complaint does not sufficiently explain if and how the standards require use of the patents. Furthermore, these vague industry standard allegations do nothing to help identify the specific infringing features that are included in Jasco's products. Absent facts showing how the accused products performs each step of

---

*LLC v. BMW of N. Am., LLC*, 2017 WL 2821697, at *2 (E.D. Tex. Mar. 3, 2017), report and recommendation adopted, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017).

each claim element, the Court is unable to determine how these allegations plausibly plead infringement of the asserted patents.

Instead of explaining how the requirements of each claim element had been met, Plaintiff cites, in wholesale fashion, Exhibits 1 through 20 to the Amended Complaint.[11] Together, these exhibits total roughly 220 pages. And yet despite having the Court parse through hundreds of pages of exhibits to determine if there are facts stated therein that may support the direct infringement claims in the Amended Complaint, Plaintiff still fails to meet pleading standards for much of the same reasons. Plaintiff attached a claim chart for each of the asserted claims. But these merely reiterate the abbreviated claim limitations in one box and then, in an adjoining box, presents an array of disorganized figures and assertions describing general features of the accused products and Bluetooth, ZigBee, and/or Z-Wave technology. This is not sufficient,[12] and thus, at present, Plaintiff's claims for literal direct infringement are deficient.[13]

---

[11] Rule 8 of the Federal Rules of Civil Procedure requires that the complaint on its face must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff may not rely on exhibits attached to the complaint as a substitute for pleading facts sufficient to demonstrate its entitlement to relief.

[12] *See, e.g.*, *Wrecking, Inc. v. Bette & Cring, LLC*, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17, 2017) (concluding that plaintiff failed to satisfy the pleading standard for its direct infringement claim where, to the extent that the plaintiff's complaint alleged that defendant performed each step of the patent claim at issue, it only did so by "parroting the patent claim and prefacing it with an introductory attribution to [d]efendant" and noting that by "describing [d]efendant's conduct solely in the words of its own patent, [p]laintiff implicitly concludes that [d]efendant's process necessarily meets every element of the patent claim—a legal determination, not a factual allegation").

[13] Plaintiff argues that under the holding of *Disc Disease Solutions*, the factual allegations pleaded in this case are sufficient. The Court disagrees. The Court notes

Plaintiff attempts to argue that some direct infringement claims survive dismissal based on a formulaic statement of the doctrine of equivalents included in the Amended Complaint. This argument is unavailing.[14] The Court finds that to comply with relevant pleading standard, SIPCO must add facts and specify in what way Jasco's accused products infringe the relevant claims under the doctrine of equivalents, or otherwise drop the contention. Indeed, it is not even clear from the Amended Complaint what is alleged to be literally infringed and what is alleged to be infringed by equivalents. Thus, at present, SIPCO's claim for direct infringement under the doctrine of equivalents is likewise insufficient.[15] And because SIPCO's allegations of willful infringement require that there be plausible allegations of direct infringement (and there presently are not), the allegations

---

that in *Disc Disease Solutions*, the Federal Circuit specifically pointed out that the case involved a simple technology, the complaint specifically accused three products, and photos of the product packaging were attached to the complaint as exhibits. The holding in *Disc Disease Solutions* appears to be limited to similar circumstances, where considering the technology at issue, the complexity level of the asserted claims, and the nature of the accused devices, simple pleadings supported by photographs may be sufficient to meet the standards of *Twombly* and *Iqbal*. As Jasco correctly points out, however, the present case appears to be distinguishable from *Disc Disease Solutions* in this regard. Specifically, this case involves five patent claims involving a complex technology and numerous accused products. The Court thus finds that this case is more complex than *Disc Disease Solutions* in terms of the technology and number of accused products.

[14] *Creagri, Inc. v. Pinnaclife Inc., LLC*, 2012 WL 5389775, at *6 (N.D. Cal. Nov. 2, 2012) (finding that a party "cannot merely add boilerplate language asserting that the doctrine of equivalents has been met as an alternative theory").

[15] *See, e.g.*, *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (dismissing the complaint where liability under the doctrine of equivalents was asserted "in a bare bones, conclusory form" and where the plaintiff otherwise failed to identify "what is alleged to be literally infringed and what is alleged to be infringed by equivalents").

as to those claims are necessarily insufficient as well. SIPCO seems to suggest that it can use the discovery process to narrow, or otherwise allege with more specificity, its infringement contentions. But such an argument would be likewise unpersuasive.[16]

Finally, in its response to Jasco's motion, SIPCO requests leave to amend its Amended Complaint if the Court finds the allegations should be dismissed. Because this is the first time that a court has found SIPCO's claims deficient and put it on notice as to why this was so, and in light of the fact that leave to amend should be given freely "when justice so requires,"[17] and because dismissal with prejudice is "rarely" a proper sanction,[18] the Court finds that Plaintiff should be given leave to file one further amended complaint addressing the deficiencies outlined above. As such, the Court finds that Jasco's request to amend should be granted.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 31) is **GRANTED**. Plaintiff, however, may file an amended complaint, addressing the deficiencies discussed herein, within 21 days of this Order.

---

[16] *See Apollo Fin., LLC v. Cisco Sys., Inc.*, 2016 WL 3234518, at *3 (C.D. Cal. June 7, 2016) (granting motion to dismiss and rejecting a plaintiff's argument that access to discovery would allow it to state its claims with more specificity).

[17] Fed. R. Civ. P. 15(a)(2).

[18] *See Univ. of Pittsburgh v. Varian Med. Sys., Inc*., 569 F.3d 1328, 1334 (Fed. Cir. 2009).

**IT IS SO ORDERED** this 1st day of March 2022.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE